IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD D. FULLER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-11-1917 |
| D. KENNETH HORNING, *et al.* | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending are Plaintiff's Request for Appointment of Counsel (ECF No. 12), Motion for Appointment of Counsel (ECF No. 18), and Motion for Injunctive Relief (ECF No. 19). Currently Defendants' response to the Complaint is due November 16, 2011. ECF No. 21.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Plaintiff alleges he has been denied access to certain property which has curtailed or prohibited his meaningful access to the courts. ECF No. 1. Specifically, he claims he has been denied access to his word processor, disks, and certain legal research material and that policies

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

on property limitations have been disparately enforced against black prisoners. *Id*. Plaintiff further suggests that the limitations on property are in retaliation for both his writing of a column concerning life in Maryland prisons and his jailhouse lawyering. In his Motion for Appointment of Counsel Plaintiff seeks either the appointment of an attorney or a paralegal to assist him in a hearing on his Motion for Injunctive Relief. ECF No. 18.

Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated and no hearing is necessary to the disposition of this case. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under §1915(e)(1).

In his Motion for Injunctive Relief, Plaintiff seeks an Order requiring the return of his word processor and disks. ECF No. 19. He states that a 1996 order from a Maryland court entitles him to possession of the word processor. He attaches as an exhibit a copy of a decision issued by the Circuit Court for Washington County in 2009 finding that the Director of the Inmate Grievance Office (IGO) improperly dismissed his complaint and ordering the case remanded to the IGO with instructions to either provide Plaintiff with a CD player to listen to the transcript disc in his possession or to allow him to have a copy of the transcript. *Id*. at Ex. 1. Plaintiff also contends that boxes of his legal materials had items missing when they were delivered to him after a transfer. He specifies that the documents that are missing include a legal article that references an English Common Law statute defining life imprisonment as a sentence of 25 years;[2] copies of a declaration of Douglas Webb which was filed in Civil Action WMN-11-

---

[2] Plaintiff claims this statute establishes his right to be released from prison.

1751 and WMN-08-2300;[3] all documents related to two state court cases the absence of which caused Plaintiff to forfeit his right to appeal those decisions; and documents related to a Maryland Court of Special Appeals case regarding a plea deal, the absence of which resulted in Plaintiff forfeiting his right to petition for writ of certiorari.[4] ECF No. 19 at Ex. 2, p. 3.  Plaintiff claims that all of the missing documents were backed-up on the disks used with his word processor.  Additionally, Plaintiff states that the CD player he was permitted to have by virtue of an order by the Circuit Court for Washington County of prison was mailed of prison out and he has no way to access to the transcript of an adjustment hearing which he states is the subject of his case.  *Id*. at p. 4.

A preliminary injunction is an extraordinary and drastic remedy.  *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008).  To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The claim raised in this case does not concern Plaintiff's adjustment hearing, nor does it concern the enforcement of a 1996 court order requiring the Division of Correction to permit Plaintiff's possession of a word processor.  Rather, the claim concerns the allegation that property policies are disparately enforced against black prisoners and, as a result, Plaintiff has

---

[3] Plaintiff alleges that the affidavit contains perjurious statements by Webb.

[4] It appears Plaintiff was represented by counsel in this case.

been harmed.  ECF No. 1.  It appears now that Plaintiff is abandoning that claim and is attempting to re-litigate a claim that was already adjudicated against him in *Fuller v. Green*, Civil Action No. WMN-11-1751 (D. Md.), where this court ruled that the removal of Plaintiff's word processor from his possession was not improper given the fact that he was assigned to disciplinary segregation at the time.  A Notice of Appeal has been filed in that case.  To the extent that Plaintiff is attempting to re-litigate those issues in this case, that attempt must fail.

With respect to the pending Motion for Injunctive Relief it will be denied without prejudice subject to renewal after Defendants have responded to the allegations raised in the Complaint.  A separate Order follows.

/s/

 10/18/2011   
Date

_____  
William M. Nickerson  
Senior United States District Judge