IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERALD D. FULLER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-11-1917 |
| D. KENNETH HORNING, *et al.* | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

Pending is Plaintiff's Motion for Reconsideration of this Court's Order denying injunctive relief.  ECF No. 24.  Plaintiff has also filed an amended Complaint seeking to add claims as well as Defendants.  ECF No. 25.

In his Motion for Reconsideration, Plaintiff states this Court relied on "mistaken or unclear facts."  ECF No. 24 at p. 1.  There are three limited grounds for granting a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir.2002) (*citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998), cert. denied, 538 U.S. 1012 (2003)).  "A motion to reconsider is not a license to reargue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir.1992)).  Motions for reconsideration are "an extraordinary remedy which should be used sparingly." Pacific Ins. Co., 148 F.3d at 403.

Plaintiff's Motion is another attempt to include claims in this case already litigated in this Court and currently on appeal.  *See Fuller v. Green*, Civil Action No. WMN-11-1751 (D. Md.).  The Motion for Reconsideration will be denied.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F.R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." F.R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." F.R. Civ. P. 15(a)(2).  The Amended Complaint concerns essentially every claim Plaintiff has attempted to litigate since 2007, all of which are either time-barred[1] or barred by res judicata.[2]   ECF No. 25.   Where, as here, the proposed amendment to the complaint appears to be a futility, this Court has the discretion to deny leave to amend.  Thus, the amended complaint will not be served and the additional defendants named will not be added.

A separate Order follows.

/s/

 11/17/11 
Date

_____
William M. Nickerson
Senior United States District Judge

---

[1] "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*,  549 U.S. 384, 387 (2007), *citing  Owens v. Okure*, 488 U.S. 235, 249-250, (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280, (1985).  In Maryland the applicable statute of limitations is three years from the date of the occurrence.  *See* Md. Cts & Jud. Proc.,Code Ann. §5-101.

[2] Under res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action.  *See Montana v. United States*, 440 U. S. 145, 153 (1979) (citation omitted).